UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ROGELIO CARRILLO, an individual,

        Plaintiff,

   v.

SIEMENS MOBILITY, INC.; and DOES 1-100, inclusive,

        Defendants.

No. 2:25-cv-3383 WBS CKS

MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTIONS TO REMAND AND FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

----oo0oo----

      On November 26, 2024, plaintiff Rogelio Carillo filed this action in the Superior Court of the State of California, in and for the County of Sacramento, seeking damages against defendants Siemens Mobility, Inc., ("Siemens") and Does 1-100 for alleged violations of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't. Code §§ 12900, et seq.  (See Docket No. 1.)  On November 21, 2025, defendants removed the action to this court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Plaintiff now moves both to remand the case to state court (see Docket No. 10)

1

and for leave to file a first amended complaint ("FAC") (see Docket No. 11).  For the reasons that follow, both of those motions will be denied.

I.    Motion to Remand

A.    Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending."  28 U.S.C. § 1441(a).  However, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  On a motion to remand, the defendant bears the burden of showing by a preponderance of evidence that federal jurisdiction is appropriate.  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation omitted). Because plaintiff's motion to remand challenges this court's subject matter jurisdiction it is not untimely under § 1447(c).

B.    Discussion

Jurisdiction is based on facts that exist at the time of filing.  Righthaven LLC v. Hoehn, 716 F.3d 1166, 1171 (9th Cir. 2013).  Accordingly, when considering a challenge to diversity jurisdiction, the court looks to the facts available at the time of removal.  Here, there were no allegedly non-diverse parties named in the complaint at the time of removal.  For proposes of determining diversity, an individual's citizenship is determined by his or her domicile.  Kantor v. Wellesley

2

Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed."  Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986).

A corporation is a citizen of both the state of incorporation and the state of its principal place of business. Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010); see also 28 U.S.C. § 1332(c)(1).  "'[P]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  Hertz, 559 U.S. at 92–93 (adopting the "nerve center" test for determining a corporate entity's principal place of business).

According to the records before this court, Siemens, a Delaware corporation, maintains its nerve center in New York. (Docket No. 1 at 4—5 ("New York is now and was, as of November 26, 2024, the location of Siemens' corporate headquarters, which is the actual center of its direction, control, and coordination, and its principal place of business.").)  Thus, Siemens is a citizen of Delaware and New York.  (Id. at 5.)

Plaintiff does not dispute Siemens' citizenship.  (See Docket No. 10.)  Nor does plaintiff claim that he is a citizen of a state other than California.  (See id.)  Instead, plaintiff argues that defendants failed to adequately plead his citizenship. (Id. at 5.)  However, "[a] party's allegation of

3

minimal diversity may be based on 'information and belief.'" Ehrman v. Cox Commc'ns, Inc., 932 F.3d 1223, 1227 (9th Cir. 2019) (quoting Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1087 (9th Cir. 2014).)  Here, defendants' notice of removal included the statement that, "Siemens is informed and believes that Plaintiff is at the time of filing this Notice of Removal and was, at the time of filing his Complaint, a citizen of the State of California, within the meaning of 28 U.S.C. Section 1332(a)."  (Docket No. 1 at 4.)  Thus, the notice of removal clearly satisfies this standard set out by the Ninth Circuit in Ehrman.

Plaintiff also argues that defendants "failed to establish the amount in controversy by competent evidence." (Docket No. 10 at 5.)  To plead the amount in controversy for diversity jurisdiction, the removing defendant need only show it is more likely than not that the amount in controversy exceeds $75,000.00.  See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).  A defendant can establish this likelihood based on the allegations in the complaint.  See Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).  Here, the complaint states seven times that "[a]s a legal and proximate cause result of Defendant's and/or DOES' actions, Plaintiff has suffered special and general damages in an amount to be proven, but in excess of $75,000."  (Docket No. 1-1 at 9, 10, 11, 12, 13, and 14.)

Plaintiff's repeated claim that defendants caused him to suffer "special and general damages . . . in excess of

4

$75,000.00" is the very evidence upon which defendants relied to plead that the amount in controversy meets the threshold for diversity jurisdiction.  (Docket No. 1 at 6.)  Plaintiff's motion to remand will therefore be denied.

II.  Motion for Leave to File a First Amended Complaint and for Joinder of a Non-Diverse Defendant

A.   Legal Standard

Although Rule 15 generally governs motions for leave to amend a pleading when brought before the amendment deadline (See Fed. R. Civ. P. 15(a)(2)), where amendment is sought after a pleading amendment deadline and the proposed amendment seeks to join a new diversity destroying defendant, 28 U.S.C. § 1447(e) governs.  McCleney v. Wyndham Vacation Ownership, Inc., No. 2:22-cv-01927-FLA (SKx), 2023 WL 4745741, at *2 (C.D. Cal. July 25, 2023); Sagrero v. Bergen Shippers Corp., Case No. 2:22-cv-04535-SPG (RAOx), 2022 WL 4397527, at *2 (C.D. Cal. Sept. 23, 2022) ("Rule 15(a) does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant." (internal quotation marks omitted).).

Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).

B.   Discussion

Plaintiff seeks leave to file a First Amended Complaint joining his former supervisor, Jimmy Thao, as a new non-diverse

defendant pursuant to Fed. R. Civ. P. 15(a)(2) and 28 U.S.C. § 1447(e).  (See Docket No. 11 at 4—5.)

The Ninth Circuit has noted that "the language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder."  Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).  Accordingly, the court may (1) deny joinder or (2) grant joinder and remand the action to State court.  Id.

Courts consider the following six factors when determining whether to grant leave to amend under section 1447:

   (1)   "whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as 'needed for just adjudication'";

   (2)   "whether the statute of limitations would preclude an original action against the new defendants in state court";

   (3)   "whether there has been unexplained delay in requesting joinder";

   (4)   "whether joinder is intended solely to defeat federal jurisdiction";

   (5)   "whether the claims against the new defendant appear valid"; and

   (6)   "whether denial of joinder will prejudice the plaintiff."

Rosas v. NFI Indus., No. 2:21-cv-00046 WBS CKD, 2021 WL 1264921, at *2 (E.D. Cal. Apr. 6, 2021) (citing Davis v. Tower Select Ins. Co., Inc., Case No. 2:12-cv-1593 KJM CKD, 2013 WL 127724, *2 (E.D. Cal. Jan. 9, 2013)).

This list of factors is non-exclusive.  See Murphy v. Am. Gen. Life Ins. Co., 74 F. Supp. 3d 1267, 1278 (C.D. Cal.

2015) (listing factors); see also McCleney, 2023 WL 4745741 at *2.  Further, "[a] court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder."  Sagrero, 2022 WL 4397527 at *2 (quotation marks and citation omitted).  Where fewer than six factors are dispositive, the court need not analyze those that do not bear on resolution of the issue.  Here, two factors are dispositive.

          1.   Undue Delay

The undisputed timeline shows that (1) on November 21, 2023, plaintiff received his personnel file from Siemens (Docket No. 16 at 14); (2) on November 26, 2024, plaintiff filed his lawsuit in state court (Docket No. 1-1 at 5.); (3) on November 21, 2025, defendants removed the case to this court (Docket No. 1 at 1); and finally (4) on December 22, 2025, plaintiff filed his motion for leave to file a FAC joining Mr. Thao (Docket No. 11).  Presumably, plaintiff would have known the identity of his supervisor prior to September 2023, when he alleges he was terminated.  But based on this timeline, plaintiff received the information necessary to confirm Mr. Thao's identity by November 2023 at the latest.  Thus, plaintiff was in possession of his personnel file for more than 11 months before he filed suit in state court.  Still, he did not attempt to amend his complaint and join Mr. Thao for another 13 months.  In total, at least two years elapsed between plaintiff's receipt of the documents identifying Mr. Thao and plaintiff's effort to act on that information.

For that reason, the court finds that plaintiff unduly delayed filing his motion seeking joinder of Mr. Thao, and will deny plaintiff's motion to file his FAC on that ground. See Parker v. Joe Lujan Enters., Inc., 848 F.2d 118 (9th Cir. 1988) (upholding a district court's denial of leave to amend where the lower court found undue delay because plaintiff "failed to justify the [nearly 12 month] delay in seeking leave to amend the complaint to assert an entirely new theory of liability.").

### 2.   Invalid Claims

As an additional ground for denying plaintiff's motion to amend the complaint, the court finds that the FAC fails to state a claim against Mr. Thao.  In evaluating the viability of the claims against Mr. Thao, the court reviews the sufficiency of the allegations to support those claims under the standard for a Rule 12(b)(6) motion to dismiss set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  See Davis, 2013 WL 127724 at *4 (denying amendment to complaint finding "Davis' conclusory allegations, devoid of specific facts, would not survive a motion to dismiss and the court must conclude that her claim has no merit.").  However, "the court is not required to accept as true conclusory allegations or legal characterizations that are not factually supported." Grosz v. Lassen Cmty. Coll. Dist., 572 F. Supp. 2d 1199, 1216 (E.D. Cal. 2008) (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)), aff'd in part, rev'd in part, 360 F. App'x 795 (9th Cir. 2009).

The FAC asserts the same seven causes of action as the

8

original complaint.  (Compare Docket No. 1-1, with Docket No. 19-1.)  And just like the original complaint, Mr. Thao is neither named as a defendant nor discussed in any of the claimed causes of action.  (See Docket No. 19-1 at 5—11.)  Mr. Thao is mentioned only 11 times in the FAC (see Docket No. 19-1 at 1, 2, 3, 4, 5, 12), where plaintiff references harassment and retaliation (id. at 2).  The FAC states that, "[f]ollowing Plaintiff's report of the injury and his placement on medical leave, Plaintiff was subjected to harassment and retaliation, including conduct by his direct supervisor, Defendant Jimmy Thao, which created a hostile and intimidating work environment."  (Id.)  Yet the FAC contains no claim for harassment or retaliation against any defendant under FEHA, Cal. Gov't. Code §§ 12923, 12940, or under any other legal theory.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file his First Amended Complaint (Docket No. 11) be, and the same hereby is, DENIED;

AND IT IS FURTHER ORDERED that plaintiff's motion to remand this case to the Superior Court of the State of California, in and for the County of Sacramento, (Docket No. 10) be, and the same hereby is, DENIED.

Dated:  February 19, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

9